# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Garner Properties & Management, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>Marblecast of Michigan, Inc., and American Woodmark Corporation,<br><br>            Defendants. | Misc. Case No. _____18 mc 249_____<br><br>Underlying Case in the U.S. District Court for the Eastern District of Michigan, Civil Action No. 17-cv-11439 |

**NON-PARTY CONTRACTORS REGISTER INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE SUBPOENA DATED MAY 11, 2018**

## **TABLE OF CONTENTS**

**Page(s)**

FACTUAL BACKGROUND ........................................................................................................ 1

LEGAL STANDARD .................................................................................................................. 3

ARGUMENT ................................................................................................................................ 4

    I.  Plaintiff's Subpoena for Deposition Is Deficient Under Rule 45. ........................................ 4

        a.    Plaintiff Served the Subpoena Without the Required Witness And Mileage Fees. ......... 4

        b.    The Subpoena for Deposition Would Require Contractors Register to Travel More Than One Hundred Miles from Its Place of Business ....................................................... 5

        c.    The Subpoena for Deposition Did Not Allow A Reasonable Amount of Time For Contractors Register to Comply ........................................................................................ 7

    II.  Substantively, the Subpoena to Depose Contractors Register Imposes An Undue Burden ... 8

        a.    The Subpoena is Overbroad and Seeks Irrelevant Information. .................................... 8

        b.    The Subject Matters for the Subpoenaed Deposition Relate Almost Entirely to Information That Can Be Obtained from the Defendants ............................................. 10

CONCLUSION ........................................................................................................................... 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*,
    262 F.R.D. 293 (S.D.N.Y. 2009) ....................................................................................4, 10

*Atwell v. City of New York*,
    No. 07 Civ. 2365, 2008 WL 5336690 (S.D.N.Y. Dec. 15, 2008)............................................10

*Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*,
    No. M8-85, 1994 WL 9666 (S.D.N.Y. Jan. 12, 1994)............................................................10

*Brown v. Hendler*,
    No. 09 Civ. 4486(RLE), 2011 WL 321139 (S.D.N.Y. Jan. 31, 2011).................................7, 8

*Carey v. Air Cargo Assocs., Inc.*,
    No. 18 MS 302/09-2353, 2011 WL 446654 (S.D.N.Y. Feb. 7, 2011).......................................4

*Citizens Union of City of New York v. Attorney Gen. of New York*,
    269 F. Supp. 3d 124 (S.D.N.Y. 2017)........................................................................................4

*City of New York v. FedEx Ground Package Sys., Inc.*,
    No. 13-CV-9173, 2015 WL 783363 (S.D.N.Y. Feb. 24, 2015)............................................3, 5

*Cohen v. City of New York*,
    255 F.R.D. 110 (S.D.N.Y. 2008) ..........................................................................................4, 9

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) .....................................................................................4, 8, 10

*Costamar Shipping Co. Ltd. v. Kim-Sail Ltd.,* No. 95 Civ. 3349, 1995 WL 736907
    (S.D.N.Y. Dec. 12, 1995)..........................................................................................................5

*Palazzo ex rel. Delmage v. Corio*,
    204 F.R.D. 639 (E.D.N.Y. 1998) ..............................................................................................6

*In re Edelman*,
    295 F.3d 171 (2d Cir. 2002).......................................................................................................4

*Fears v. Wilhelmina Model Agency, Inc.*,
    No. 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004)................................................11

*Fort James Corp. v. Sweetheart Cup Co.*,
    No. CIV. A. 97-C-1221, 1998 WL 709813 (S.D.N.Y. Oct. 8, 1998).......................................9

*Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*,
  No. 13-CV-6326, 2015 WL 728463 (S.D.N.Y. Feb. 19, 2015)..........................................3, 5, 6

*Icon Compliance Servs., LLC v. Port Auth. of New York & New Jersey*,
  No. 14-CV-4123, 2015 WL 783377 (S.D.N.Y. Feb. 24, 2015)....................................................5

*Kirschner v. Klemons*,
  No. 99 Civ. 4828 (RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ............................8, 10

*Memorial Hospice, Inc. v. Norris*,
  No. 2:08–CV–084–B–A, 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008) ................................7

*Price Waterhouse LLP v. First Am. Corp.*,
  182 F.R.D. 56 (S.D.N.Y. 1998) ...........................................................................................3, 6

*Song v. Dreamtouch, Inc.*,
  No. 01 Civ. 0386(AGS), 2001 WL 487413 (S.D.N.Y. May 8, 2001) ........................................5

*United States v. Int'l Bus. Machines Corp.*,
  83 F.R.D. 97 (S.D.N.Y. 1979) .................................................................................................8

*United States v. Woods*,
  931 F.Supp. 433 (E.D. Va. 1996) ............................................................................................7

*Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*,
  No. 08–CV–1366, 2010 WL 4609302 (N.D.N.Y. Nov. 5, 2010) .............................................6

**Statutes**

47 U.S.C. § 227(b)(1)(C) .................................................................................................................9

**Rules**

Federal Rules of Civil Procedure
    Rule 26..................................................................................................................10, 11
    Rule 26(b)(2)(C)(i).......................................................................................................11
    Rule 30(b)(6)..................................................................................................................5
    Rule 34.........................................................................................................................10
    Rule 45 ................................................................................................................ *passim*
    Rule 45(b)(1).........................................................................................................3, 4, 5
    Rule 45(c)............................................................................................................. 3, 6, 7
    Rule 45(c)(1).............................................................................................................3, 5
    Rule 45(d)(3)(A) ...................................................................................................3, 6, 7, 8
    Rule 45(d)(3)(B) ............................................................................................................3
    Rule 45(d)(3)(B)(i).........................................................................................................9

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d
    ed. 2017) ......................................................................................................................5

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Contractors Register, Inc. ("Contractors Register") submits this Memorandum of Law in Support of its Motion to Quash the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena for Deposition"). As a threshold matter, the Subpoena for Deposition should be quashed because it is deficient under Rule 45 as (1) Plaintiff served the Subpoena without the required witness and mileage fees, (2) the Subpoena did not allow a reasonable amount of time for Contractors Register to comply, and (3) the Subpoena would require Contractors Register to travel more than 100 miles from its place of business. Even if the Subpoena for Deposition was procedurally valid, it should also be quashed because compelling Contractors Register to prepare for and attend the requested deposition would impose an undue burden. There are no facts or allegations in the pleadings to suggest that Contractors Register is at all involved in this case. The Complaint makes no reference to Contractors Register and the implicated facsimile shows that Contractors Register as not involved in disseminating it. Thus, the subject matters for the ordered deposition are overbroad and relate almost entirely to information that can be obtained from the Defendants.

**FACTUAL BACKGROUND**

Contractors Register offers an online search engine and database for construction related services and publishes the Blue Book Construction Network—an active network to connect buyers and sellers in the commercial construction industry. Contractors Register is a privately held company that maintains its principle place of business at 800 East Main Street Jefferson Valley, New York 10535.

On May 4, 2017, Plaintiff in the underlying action, Garner Properties & Management, LLC ("Garner Properties"), sued two construction companies, Marblecast of Michigan, Inc.

("Marblecast") and American Woodmark Corp. ("Woodmark") in the United States District Court for the Eastern District of Michigan. Garner Properties and Marblecast are Michigan corporations and Woodmark resides in Virginia, but transacts business in Michigan under the product name "Waypoint Living Spaces." Marblecast and Woodmark are commercially connected by the fact that Marblecast is a Michigan seller of Waypoint cabinetry. The class-action Complaint (attached hereto as Exhibit 1) alleges Telephone Consumer Protection Act ("TCPA") violations as well as state law conversion claims. Specifically, Garner Properties claims that Marblecast and Woodmark sent an unsolicited fax to Garner Properties that advertised kitchen and bath-related goods and services. Most importantly for this Motion to Quash, the Complaint—and the other filings in the underlying case—make no mention of Contractors Register or the Blue Book Construction Network. Moreover, the fax at issue, which was attached to Plaintiff's Complaint, was not sent through or using Contractors Register's network. (Attached hereto as Exhibit 2.) Instead, the top left-hand corner of the fax clearly states that it was sent by Marblecast.

Plaintiff served two subpoenas on Contractors Register on May 22, 2018, more than a year into the case. One subpoena, dated May 11, 2018, commands Contractors Register to produce all documents related to Garner Properties, Marblecast, and Woodmark, as well as documents related to approximately 845 fax numbers. (Attached hereto as Exhibit 3.) The Document Subpoena commands compliance by May 18, 2018—four days before Plaintiff even served Contractors Register with the Subpoena. The second subpoena, also dated May 11, 2018, commands Contractors Register to attend a deposition in Rochester, New York on May 31, 2018, and demands that Contractors Register produce at the deposition the same documents commanded by the Document Subpoena. (Attached hereto as Exhibit 4.) At this time,

Contractors Register has not produced the subpoenaed documents and extended the May 31 deposition by agreement of the parties. (Attached hereto as Exhibit 5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 outlines the procedures by which a party may issue a subpoena to a non-party seeking discovery. Rule 45 dictates that subpoenas seeking the deposition of a witness "may command a person to attend a . . . deposition . . . only within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1). Moreover, the subpoena must tender "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

Rule 45 also provides the circumstances in which a court should quash a subpoena. It requires a court to quash or modify a subpoena that (a) "fails to allow a reasonable time to comply," (b) "requires a person to comply beyond the [100 mile limit]," or (c) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Any of these reasons "**alone** is enough to quash [the Subpoena] on Rule 45 grounds." *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, No. 13-CV-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) (emphasis added). Rule 45 also permits a court to quash or modify a subpoena if the subpoena requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

In cases where parties fail to tender the required witness and mileage fees or command a non-party to attend a deposition outside the geographical limits of Rule 45(c), courts in this district quash the subpoena. *See, e.g., City of New York v. FedEx Ground Package Sys., Inc.*, No. 13-CV-9173, 2015 WL 783363, at *4 (S.D.N.Y. Feb. 24, 2015) (quashing subpoena for failing to pay necessary fees); *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 64 (S.D.N.Y. 1998) (quashing subpoena for violating the geographical limit). Similarly, courts in this district

have quashed subpoenas for subjecting the non-party to undue burden. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 47, 51 (S.D.N.Y. 1996). In considering if the subpoena subjects a non-party to undue burden, courts consider (a) the relevance of or need of the party for the request, (b) the breadth of the request, (c) the time period, (d) the particularity, and (e) whether the information is available from any other source. *Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009). Weighing these factors, courts also give "special weight" to the fact that the subpoenaed party ***is a non-party***, so as to protect the non-party "from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008); *see also In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002).

## ARGUMENT

**I.    Plaintiff's Subpoena for Deposition Is Deficient Under Rule 45.**

Plaintiff's Subpoena for Deposition fails to meet the basic requirements under Rule 45 in three separate ways, and each failure independently justifies Contractors Register's Motion to Quash.

a.    <u>Plaintiff Served the Subpoena Without the Required Witness And Mileage Fees.</u>

Under Rule 45(b)(1), Plaintiff's Subpoena for Deposition must include "the fees for 1 day's attendance and the mileage allowed by law." Federal courts "both inside and outside of the Second Circuit have held that failure to tender the required witness fee and mileage allowance can serve as an adequate ground for the invalidation of a subpoena." *Carey v. Air Cargo Assocs., Inc.*, No. 18 MS 302/09-2353, 2011 WL 446654, at *3 (S.D.N.Y. Feb. 7, 2011) (citing cases from the 9th Circuit, 5th Circuit, Northern District of New York, and Southern District of New York). In this district, specifically, it is well settled that "[w]here no fee is

- 4 -

tendered with the service of a subpoena requiring a witness' attendance, the service is invalid." *Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386(AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) (citing *Costamar Shipping Co. Ltd. v. Kim-Sail Ltd.,* No. 95 Civ. 3349, 1995 WL 736907, at *2 (S.D.N.Y. Dec. 12, 1995)); *see also City of New York v. FedEx Ground Package Sys., Inc.*, No. 13-CV-9173, 2015 WL 783363, at *4 (S.D.N.Y. Feb. 24, 2015) ("The Court finds that the plaintiffs' failure to tender the required fees, at the time they allegedly served the subpoena, invalidates the subpoena at issue here."); *Icon Compliance Servs., LLC v. Port Auth. of New York & New Jersey*, No. 14-CV-4123, 2015 WL 783377, at *2 (S.D.N.Y. Feb. 24, 2015) ("[T]he Court finds that the instant subpoena is also invalid on the ground that the plaintiffs failed to tender the appropriate fees."); Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2017) ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.").

In this case, the Subpoena for Deposition did not contain the witness and mileage fees ***required*** by Rule 45(b)(1). Therefore, the subpoena is invalid, and this Court should grant Contractors Register's Motion to Quash.

  b. <u>The Subpoena for Deposition Would Require Contractors Register to Travel More Than One Hundred Miles from Its Place of Business.</u>

Rule 45(c)(1) only permits a party to command another person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Courts in the Southern District of New York have held that the term "person" and the distance limits in Rule 45(c)(1) equally apply to a person representing a corporation under Rule 30(b)(6). *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, No. 13-CV-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) ("[T]he court cannot compel a witness—as an individual or as a corporate representative—to travel more than 100 miles from a place of residence,

employment, or regular business to testify at a deposition."); *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 64 (S.D.N.Y. 1998) (quashing subpoena where the knowledgeable employees of the subpoenaed party did not reside in, were not employed in, and did not regularly transact business in person within the geographical limitations).

Rule 45(d)(3)(A) acts to enforce Rule 45(c)'s distance limits by stating, "a court ***must*** quash or modify a subpoena which requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." *Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*, No. 08–CV–1366 (LEK/DRH), 2010 WL 4609302, at *4 (N.D.N.Y. Nov. 5, 2010) (emphasis added) (quotations omitted). This Court has made clear that the fact that the compelled deposition is outside the 100 mile limit "alone is enough to quash [the Subpoena] on Rule 45 grounds." *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, No. 13-CV-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015). In deciding whether to grant a motion to quash, courts generally measure the 100 miles as a straight line between the place from which the witness travels and the place of attendance as opposed to the surface route taken or total mileage traveled. *Palazzo ex rel. Delmage v. Corio*, 204 F.R.D. 639 (E.D.N.Y. 1998).

Contractors Register's principle place of business, where all employees knowledgeable concerning the issues outlined in the Subpoena for Deposition regularly transact business, is located at 800 East Main Street, Jefferson Valley, New York 10535. The Subpoena for Deposition, however, set the location for the deposition at 120 East Ave., Suite 200, Rochester, New York 14604. (Ex. 4.) According to mapping software, the straight-line distance from Contractors Register's office to the proposed location for the deposition is over 230 miles. (Attached hereto as Exhibit 6.) Therefore, the Subpoena for Deposition requires Contractors

Register's representative "to comply beyond the geographical limits specified in Rule 45(c)" and Rule 45 requires this Court to quash the Subpoena. Fed. R. Civ. P. 45(d)(3)(A).

        c.      <u>The Subpoena for Deposition Did Not Allow A Reasonable Amount of Time For Contractors Register to Comply.</u>

Rule 45(d)(3)(A) also requires a court to quash or modify a subpoena that "fails to allow a reasonable time to comply." "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." *Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011).

In this case, Plaintiff served the subpoenas on Contractors Register on May 22, 2018. The Subpoena for Deposition commanded Contractors Register to attend a deposition hundreds of miles away and without the proper fees only nine days after Plaintiff served the Subpoena, on May 31, 2018. Adding to the short term and non-compliance with rule 45, the Subpoena for Deposition stated that Contractors Register was compelled to produce at the deposition all records related to Garner Properties, Marblecast and Woodmark, as well as records related to approximately 845 fax numbers. (Ex. 4, p. 4.)

In *Brown v. Hendler*, the District Court for the Southern District of New York similarly considered if nine days was reasonable notice for a subpoena. No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). There, the court held "that nine days was not a reasonable time to comply with the subpoena" in part, due to "the distance that Hendler was required to travel to appear for the deposition and the lack of witness and travel fees tendered." *Id.* Similarly, federal courts in other jurisdictions have found compliance times of eight and seven days do not afford a reasonable time to comply. *See Memorial Hospice, Inc. v. Norris,* No. 2:08–CV–084–B–A, 2008 WL 4844758, at * 1 (N.D. Miss. Nov. 5, 2008); *United States v. Woods,* 931 F.Supp. 433, 442 n. 3 (E.D. Va. 1996).

Like the court in *Brown v. Heller*, and courts across other jurisdictions, this Court should find that nine days was an unreasonable amount of time to comply with this Subpoena for Deposition—especially when the Subpoena did not include necessary fees, set a location outside the 100-mile limit, and included onerous document requests on a non-party. *Brown*, 2011 WL 321139, at *2. Because the Subpoena for Deposition "fail[ed] to allow a reasonable time to comply[,]" Rule 45(d)(3)(A) requires this Court to grant Contractors Register's Motion to Quash.

## II. Substantively, the Subpoena to Depose Contractors Register Imposes An Undue Burden.

### a. The Subpoena is Overbroad and Seeks Irrelevant Information.

When a subpoena "pursues material with little apparent or likely relevance to the subject matter," that subpoena should "be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). Stated another way, the smaller the likelihood that the subpoenaed information will be relevant to the underlying case, "the greater risk [it will be] found overbroad and unreasonable." *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 106–07 (S.D.N.Y. 1979). In addition to relevance of the sought-after evidence, courts also consider: the issuing party's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed compared to the utility of the evidence. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

For this Motion to Quash, no facts or allegations suggest that Contractors Register is involved in the underlying case or possesses relevant information. Plaintiff's Complaint alleges that only two parties violated the TCPA and converted Plaintiff's property—Marblecast and Woodmark. (Ex. 1.) More specifically, neither the Complaint nor other filings in the underlying

action even reference Contractors Register or the Blue Book Construction Network.  (*Id.*) Moreover, the fax underlying the Plaintiff's claims proves that Contractors Register was not involved in sending the implicated facsimile, as it states that the fax was sent by Marblecast and makes no reference of Contractors Register.  (Ex. 2.)  Even if Defendants obtained some of the 845 numbers from the Blue Book online system, that in no way would implicate Contractors Register in the Defendants' alleged violation because Contractors Register's system was not used to transmit the fax or faxes.  47 U.S.C. § 227(b)(1)(C).  Based on the allegations and clear evidence in the underlying case, it is unlikely that Contractors Register has relevant information, and the Subpoena for Deposition should be quashed.

Even if Contractors Register possessed any relevant information, the requests for testimony and documents are overbroad, unlimited in scope, and fail to describe any specific evidence sought.  For example, the Subpoena for Deposition commands Contractors Register to produce and testify about all records and dealings with Garner Properties, Marblecast, and Woodmark.  (Ex. 4, pp. 2, 4.)  The requests for information concerning approximately 845 fax numbers are particularly burdensome, considering the fact that Contractors Register is a non-party with no known connection to the facts of this case.  *See Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) (giving "special weight" to the right of a non-party with no interest in the case to be protected  from excessive discovery).  The Subpoena's request concerning the unidentified fax numbers also creates an undue burden as it seeks confidential commercial information unrelated to the issues of fact identified in the Complaint. Rule 45 permits a court to quash a subpoena that includes requests for such confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i).  And courts regularly protect an uninterested third party from forced production of such sensitive business information. *See, e.g., Fort James Corp.*

*v. Sweetheart Cup Co.*, No. CIV. A. 97-C-1221, 1998 WL 709813, at *2 (S.D.N.Y. Oct. 8, 1998) ("When a subpoena to a non-party seeks confidential commercial information, as these do, [Rule 45] places the burden on the demanding party to show a substantial need for the information that cannot otherwise be met without undue hardship."). Garner Properties surely has not met this burden by merely providing nineteen pages of unidentified fax numbers.

In reality, this Subpoena is just a fishing expedition in an attempt to discover new claims or defendants before the upcoming discovery deadline. The Subpoena seeks information related to Contractors Register's TCPA compliance generally, which is clearly an overly broad fishing expedition with respect to a non-party. (Ex. 4, p. 3.) Thus, the Subpoena for Deposition should be quashed as "overbroad and unreasonable." *Id.*; *see also Kirschner,* 2005 WL 1214330, at *2.

        b.     <u>The Subject Matters for the Subpoenaed Deposition Relate Almost Entirely to Information That Can Be Obtained from the Defendants.</u>

It is unreasonable to force a non-party to expend significant time and resources to search for, compile, and produce information that Plaintiff can obtain from a party to the underlying litigation through discovery. *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. M8-85, 1994 WL 9666, at *1 (S.D.N.Y. Jan. 12, 1994); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009) (considering "whether the information is necessary and whether it is available from any other source"). When the information is similarly available from a party "the need . . . for the documents" from the non-party is eliminated and the court "shall protect any person who is not a party from significant expense." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting Fed. R. Civ. P. 45(c)(2)(B)). To cement this point, Rule 45 subpoenas are also "subject to the limits on discovery under Rules 26 and 34." *Atwell v. City of New York*, No. 07 Civ. 2365, 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008); *see also Concord Boat Corp. v. Brunswick Corp.*, 169

F.R.D. 44, 48 (S.D.N.Y.1996) (citing Rules 26 and 45 to consider the validity of a subpoena). Notably, Rule 26 requires a court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive*." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

In this case, some of Plaintiff's topics for the deposition and requests for production concern Contractors Register's business relationship with the Plaintiff, Garner Properties, and the two Defendants—Marblecast and Woodmark—but nonetheless appear unrelated to the actual issues in the litigation. (*See* Ex. 4, p. 2, paras. 1-8.) Plaintiff would presumably have the information related to *its own* business with Contractors Register, and it could request information pertaining to the Defendants' relationship with Contractors Register from the Defendants, who are interested parties in the underlying litigation. Mandating the Plaintiff compel information from the parties—or compile the information itself—is consistent with the clear policy of limiting "the burden of production on the non-party." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).

## CONCLUSION

For the foregoing reasons, non-party Contractors Register requests that this Court grant its Motion to Quash the Subpoena for Deposition by Garner Properties.

- 12 -

Dated: June 7, 2018					DENTONS US LLP

						*/s/   Kiran Patel*
						Dentons US LLP
						1221 Avenue of the Americas
						New York, NY 10020-1089
						Telephone: (212) 768-6700
						Facsimile: (212) 768-6800
						kiran.patel@dentons.com

						*Counsel for Non-Party Contractors Register, Inc.*